**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   16-20781-CIV-GAYLES/TURNOFF**

**ROBERT C. LANDERS**,

      Plaintiff,

vs.

**ZURICH AMERICAN INSURANCE**
**COMPANY OF IL,**

      Defendant.

_____/

**ORDER**

      **THIS CAUSE** came before the Court *sua sponte*. Plaintiff Robert C. Landers, appearing *pro se*, filed a Complaint on March 3, 2016. [ECF No. 1]. Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 4], and the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts shall dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon initial screening, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

      To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. "A complaint fails to state a claim if it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Smith v. Attorney Gen.*, —Fed. App'x—, 2016 WL 493184, at *1 (11th

Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The complaint need not include detailed factual allegations, but it must set forth 'more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 Fed. App'x 635, 637 (11th Cir. 2015) (citations and internal quotation marks omitted). "[E]ven pro se litigants must comply with the Federal Rules of Civil Procedure." *Maza v. Ware*, 81 F. Supp. 3d 16, 18 (D.D.C. 2015).

Plaintiff, in his one paragraph Complaint, alleges that he brings this action to enforce a judgment under the Seminole Indian Gaming Compact.  Plaintiff goes on to reference the removal of a case filed in the Circuit Court in and for Broward County, Florida, and an insurance policy number.   The Court cannot discern from the Complaint how Defendant harmed Plaintiff, the relief that Plaintiff is requesting, or the legal basis for the Court to grant such relief. Consequently, the Court is authorized under 28 U.S.C. § 1915(e)(2)(B)(ii) to dismiss this action.

Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **DISMISSED without prejudice**.    It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed *in forma pauperis* **[ECF No. 4]** is **DENIED** and the Clerk is instructed to mark the case as **CLOSED.** All pending motions, if any, are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of March, 2016.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Turnoff
        All Counsel of Record

3